1
2
3
4
5
6
7

**FILED**
CLERK, U.S. DISTRICT COURT

8/20/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

8          UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10              June 2024 Grand Jury

11 | UNITED STATES OF AMERICA,

CR No. 2:24-CR-00500-JFW

12 |          Plaintiff,

I N D I C T M E N T

13 |          v.

[21 U.S.C. § 846: Conspiracy to
Distribute Methamphetamine;

14 | DARWIN ARTURO BONILLA,
KEVIN JEOVANI MEJIA,

21 U.S.C. §§ 841(a)(1),
(b)(1)(A)(viii), (b)(1)(B)(viii),

15 |   aka "Pablo Francisco
        Aguilar,"

(b)(1)(B)(vi): Distribution of
Methamphetamine and Fentanyl; 21

16 | LUIS RAUL RODRIGUEZ,
RUBEN ARMANDO HERNANDEZ,

U.S.C. § 853, 18 U.S.C.
§ 924(d)(1), 28 U.S.C. § 2461(c):

17 | AIDA SIRIA MALDONADO, and
HECTOR MENDOZA JR,

Criminal Forfeiture]

18 |   aka "JB,"

19 |          Defendants.

20

21      The Grand Jury charges:

22                  COUNT ONE

23               [21 U.S.C. § 846]

24   [DEFENDANTS BONILLA, MEJIA, RODRIGUEZ, HERNANDEZ, and MALDONADO]

25 A.   OBJECT OF THE CONSPIRACY

26      Beginning on a date unknown to the Grand Jury, but no later than

27 February 8, 2024, and continuing through on or about May 30, 2024, in

28 Los Angeles County, within the Central District of California, and

elsewhere, defendants DARWIN ARTURO BONILLA, KEVIN JEOVANI MEJIA, also known as "Pablo Francisco Aguilar," LUIS RAUL RODRIGUEZ, RUBEN ARMANDO HERNANDEZ, and AIDA SIRIA MALDONADO conspired with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendant MALDONADO would allow co-conspirators to use the residence located at 1626 W 39th Place, Los Angeles, California (the "39th Place Residence") to conduct drug transactions.

2.   Defendant BONILLA would agree to sell controlled substances, including methamphetamine, to drug customers.

3.   Defendants MEJIA, RODRIGUEZ, and HERNANDEZ would supply methamphetamine to defendant BONILLA for further distribution.

4.   Defendants BONILLA, MEJIA, and MALDONADO would distribute controlled substances, including methamphetamine, to drug customers at the 39th Place Residence.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants BONILLA, MEJIA, RODRIGUEZ, HERNANDEZ, and MALDONADO, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On February 6, 2024, in electronic communications using coded language, defendant BONILLA agreed to sell a half-ounce of methamphetamine to a person he believed to be a drug customer, but was actually a confidential informant working with law enforcement (the "Confidential Informant").

Overt Act No. 2:   On February 8, 2024, defendant BONILLA met with the Confidential Informant and an undercover law enforcement agent ("UC") at a gas station located in Los Angeles, California, to purchase methamphetamine from defendant BONILLA.

Overt Act No. 3:   On February 8, 2024, defendant BONILLA told the Confidential Informant and the UC, who defendant BONILLA believed to be a drug customer, that he did not have the half ounce of methamphetamine, but that he had an ounce of methamphetamine for sale at his residence located in Los Angeles, California.

Overt Act No. 4:   On February 8, 2024, outside the 39th Place Residence, defendant BONILLA sold the Confidential Informant and the UC approximately 28.3 grams of methamphetamine for $200.

Overt Act No. 5:   On February 21, 2024, using coded language in electronic communications, defendant BONILLA agreed to sell the UC a pound of methamphetamine for $1,000 and to meet the following day at the 39th Place Residence.

Overt Act No. 6:   On February 22, 2024, after a white Nissan registered to defendant RODRIGUEZ dropped defendant MEJIA off at the 39th Place Residence, defendant MEJIA entered the 39th Place Residence with a McDonald's box.

Overt Act No. 7:   On February 22, 2024, inside the 39th Place Residence, defendants BONILLA and MEJIA sold the UC approximately 439

3

grams of methamphetamine contained inside a McDonald's box for $1,000.

Overt Act No. 8:   On February 22, 2024, inside the 39th Place Residence, defendant MEJIA told the UC that he had supplied the methamphetamine the UC had purchased from defendant BONILLA on February 8, 2024.

Overt Act No. 9:   On March 7, 2024, using coded language in electronic communications, defendant BONILLA told the UC that he could sell additional pounds of methamphetamine for the same price as before.

Overt Act No. 10:   On March 12, 2024, inside the 39th Place Residence, defendants MALDONADO and BONILLA sold suspected narcotics to a drug customer.

Overt Act No. 11:   On March 12, 2024, defendant MEJIA delivered methamphetamine to the 39th Place Residence inside a black and yellow bag.

Overt Act No. 12:   On March 12, 2024, inside the 39th Place Residence, defendant MALDONADO explained to the UC how to dry out methamphetamine that is wet.

Overt Act No. 13:   On March 12, 2024, inside the 39th Place Residence, defendant MALDONADO instructed defendant BONILLA to use a scale to measure out the methamphetamine the UC was purchasing and described the style of wrapping of the methamphetamine to the UC.

Overt Act No. 14:   On March 12, 2024, inside the 39th Place Residence, defendants BONILLA and MEJIA sold approximately 858.3 grams of methamphetamine to the UC for $2,000.

Overt Act No. 15:   On March 27, 2024, using coded language in electronic communications, defendant BONILLA agreed to sell the UC

4

approximately five pounds of methamphetamine, and told the UC that he would try to get fentanyl to sell to the UC.

Overt Act No. 16:    On March 28, 2024, a tan Chevrolet registered to defendant RODRIGUEZ dropped off defendant MEJIA at the 39th Place Residence, and defendant MEJIA entered the 39th Place Residence carrying a white plastic bag.

Overt Act No. 17:    On March 28, 2024, outside the 39th Place Residence, the UC gave defendant BONILLA $5,000 for five pounds of methamphetamine, and defendant BONILLA left the UC's vehicle and went inside the 39th Place Residence to meet with defendant MEJIA.

Overt Act No. 18:    On March 28, 2024, inside the 39th Place Residence, defendants BONILLA and MEJIA distributed 2,179.8 grams of methamphetamine to the UC.

Overt Act No. 19:    On May 29, 2024, using coded language in electronic communications, defendant BONILLA agreed to sell the UC five pounds of methamphetamine.

Overt Act No. 20:    On May 30, 2024, using coded language in electronic communications, defendant BONILLA agreed to attempt to obtain additional methamphetamine to sell to the UC.

Overt Act No. 21:    On May 30, 2024, defendant BONILLA told the UC that the source of the methamphetamine would be his backup source.

Overt Act No. 22:    On May 30, 2024, defendant BONILLA accepted $6,000 from the UC for six pounds of methamphetamine.

Overt Act No. 23:    On May 30, 2024, defendant HERNANDEZ entered the 39th Place Residence carrying a green recyclable bag.

Overt Act No. 24:    On May 30, 2024, outside the 39th Place Residence, defendant BONILLA told the UC that defendant HERNANDEZ

could sell the UC an additional pound of methamphetamine and accepted $1,000 from the UC for the additional pound of methamphetamine.

Overt Act No. 25:   On May 30, 2024, defendant HERNANDEZ left the 39th Place Residence without the green recyclable bag.

Overt Act No. 26:   On May 30, 2024, defendant HERNANDEZ approached the UC's vehicle and handed defendant BONILLA a brown paper bag that contained approximately one pound of methamphetamine, which defendant BONILLA then handed to the UC.

Overt Act No. 27:   On May 30, 2024, inside the 39th Place Residence, defendant BONILLA provided the UC approximately six pounds of methamphetamine inside the green reusable bag defendant HERNANDEZ had delivered earlier.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS BONILLA and MEJIA]

On or about February 8, 2024, in Los Angeles County, within the Central District of California, defendant DARWIN ARTURO BONILLA and KEVIN JEOVANI MEJIA, also known as "Pablo Francisco Aguilar," each aiding and abetting the other, knowingly and intentionally distributed at least five grams, that is, approximately 28.3 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS BONILLA and MEJIA]

On or about February 22, 2024, in Los Angeles County, within the Central District of California, defendants DARWIN ARTURO BONILLA and KEVIN JEOVANI MEJIA, also known as "Pablo Francisco Aguilar," each aiding and abetting the other, knowingly and intentionally distributed at least fifty grams, that is, approximately 439 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS BONILLA, MEJIA, and MALDONADO]

On or about March 12, 2024, in Los Angeles County, within the Central District of California, defendants DARWIN ARTURO BONILLA, KEVIN JEOVANI MEJIA, also known as "Pablo Francisco Aguilar," and AIDA SIRIA MALDONADO, each aiding and abetting the others, knowingly and intentionally distributed at least fifty grams, that is, approximately 858.3 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS BONILLA, MEJIA, and RODRIGUEZ]

On or about March 28, 2024, in Los Angeles County, within the Central District of California, defendants DARWIN ARTURO BONILLA, KEVIN JEOVANI MEJIA, also known as "Pablo Francisco Aguilar," and LUIS RAUL RODRIGUEZ, each aiding and abetting the others, knowingly and intentionally distributed at least fifty grams, that is, approximately 2,179.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS BONILLA and MENDOZA JR]

On or about March 28, 2024, in Los Angeles County, within the Central District of California, defendants DARWIN ARTURO BONILLA and HECTOR MENDOZA JR, also known as "JB," each aiding and abetting the other, knowingly and intentionally distributed at least forty grams, that is, approximately 105 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS BONILLA and HERNANDEZ]

On or about May 30, 2024, in Los Angeles County, within the Central District of California, defendants DARWIN ARTURO BONILLA and RUBEN HERNANDEZ, each aiding and abetting the other, knowingly and intentionally distributed at least fifty grams, that is, approximately 3,087.9 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One through Seven of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

13

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
  Section

JOSEPH DE LEON
Assistant United States Attorney
General Crimes Section